# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| JULIE POSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 9:25-cv-03268-DCN |
| vs. | ) |
| | ) **ORDER** |
| BARNETT OUTDOORS LLC and | ) |
| RICHARD POSTON | ) |
| | ) |
| Defendants. | ) |
| | ) |

The following matter is before the court on plaintiff Julie Poston's ("Plaintiff Poston") motion to remand, ECF No. 8. For the reasons set forth below, the court grants Plaintiff Poston's motion to remand.

## I.   BACKGROUND

This action arises out of a products liability and negligence suit for injuries caused by a crossbow. ECF No. 1-1, Compl. Plaintiff Poston and Defendant Richard Poston ("Defendant Poston") are citizens of South Carolina, residing in Hampton County. Id. ¶¶ 2, 4. Defendant Barnett Outdoors LLC ("Barnett Outdoors") (together with Defendant Poston, "Defendants") designs, manufactures, distributes, and sells crossbows throughout the United States. Id. ¶¶ 1–2. Barnett Outdoors is a limited liability company organized under the laws of Florida and is a citizen of Florida, Louisiana, Delaware and Hong Kong. Id. ¶ 3; ECF No. 1 ¶¶ 28–29.

On November 26, 2021, Plaintiff Poston purchased a crossbow as a Christmas gift for her daughter, R.P., that she shares with Defendant Poston. Compl. ¶ 11. The crossbow was a Whitetail Hunter STR model manufactured by Barnett Outdoors. Id. ¶

1

12. Plaintiff Poston alleges that she purchased the specific model of Barnett Outdoors crossbow "under Defendant Poston's supervision." Id. ¶ 14. On December 25, 2021, Plaintiff Poston, Defendant Poston, R.P., and other family members were using the crossbow at their home in Varnville, South Carolina. Id. ¶ 15. Plaintiff Poston had not used a crossbow before. Id. ¶ 16. Defendant Poston unpackaged and assembled the crossbow before providing instruction to Plaintiff Poston and R.P. on how to use it. Id. ¶¶ 17–18. Defendant Poston then supervised their use of the crossbow. Id. ¶ 19. While Plaintiff Poston attempted to fire the crossbow, her left thumb was amputated by the crossbow string. Id. ¶ 20.

Plaintiff Poston filed her complaint in the Hampton County Court of Common Pleas on December 3, 2024. ECF No. 1-1, Compl.; Poston v. Barnett Outdoors, LLC, No. 2024-CP-25-00392 (Hampton Cnty. Ct. C.P. Dec. 3, 2024). She asserts causes of action for design defect in strict products liability, design defect in negligence, and breach of warranty against Barnett Outdoors, Compl. ¶¶ 23–51, and negligence against Defendant Poston, id. ¶¶ 52–55. Barnett Outdoors removed the case to this court on April 17, 2025. ECF No. 1. On May 28, 2025, Plaintiff Poston filed a motion to remand. ECF No. 8. Defendants responded in opposition on May 28, 2025. ECF No. 9. As such, the motion is fully briefed and now ripe for the court's review.

## II.  STANDARD

Federal courts are courts of constitutionally limited jurisdiction. Original jurisdiction exists where a claim arises under federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizens of different states, see 28 U.S.C. § 1332.

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," Nordan v. Blackwater Sec. Consulting, LLC (In re Blackwater Sec. Consulting, LLC), 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction, Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

### III.   DISCUSSION

Plaintiff Poston moves to remand this action to the Hampton County Court of Common Pleas. ECF No. 8. She argues that the court does not have subject matter jurisdiction over this action, and therefore must remand, because there is not complete diversity of citizenship among the parties as required by 28 U.S.C. § 1332. Id. at 1. The parties agree that both Plaintiff Poston and Defendant Poston are citizens of South Carolina. See ECF Nos. 8 at 3, 9 at 2. In opposition to Plaintiff Poston's motion to remand, Defendants argue that the court should disregard Defendant Poston's South Carolina citizenship under the fraudulent joinder doctrine. ECF No. 9 at 2.

The fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain

3

jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). To demonstrate fraudulent joinder, the removing party has the burden of proving "either: [1] [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [2] [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Id. at 464 (alterations in original) (quoting Marshall, 6 F.3d at 232). When deciding a fraudulent joinder issue, the court's function is simply "to steer litigation to the proper forum with a minimum of preliminary fuss." Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999). The "best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper." Id. "[T]here need be only a slight possibility of a right to relief" against the in-state forum defendant in order to defeat removal under 28 U.S.C. § 1441(b)(2). Id. at 426. "Once the court identifies [a] glimmer of hope for the plaintiff's right to relief against the in-state forum defendant, the jurisdictional inquiry ends." Id.

### A. "No Possibility"

The court first turns to whether Defendants have demonstrated that there is "no possibility" that Plaintiff Poston is able to establish a cause of action against Defendant Poston. See Mayes, 198 F.3d at 464. Plaintiff Poston's claim against Defendant Poston is for negligence. Compl. ¶¶ 52–55. She alleges that Defendant Poston voluntarily assumed a duty of care owed to her by supervising her use of the crossbow and "in providing instruction to her in the operation of the subject crossbow for which she lacked any training or experience." Id. ¶¶ 53–54. Defendants argue that, under South Carolina law, Defendant Poston did not owe a duty of care to Plaintiff Poston. ECF No. 9 at 6–11.

4

To bring a successful negligence claim, a plaintiff must demonstrate that (1) the defendant owed her a duty of care, (2) the defendant breached this duty, (3) the defendant's breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered an injury. Dorrell v. S.C. Dep't of Transp., 605 S.E.2d 12, 15 (S.C. 2004).

"An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff." Bishop v. S.C. Dep't of Mental Health, 502 S.E.2d 78, 81 (S.C. 1998). The existence and scope of the duty are questions of law for the court to determine. Ballou v. Sigma Nu Gen. Fraternity, 352 S.E.2d 488, 492 (S.C. Ct. App. 1986). "Under South Carolina law, 'there is no general duty to control the conduct of another or to warn a third person or potential victim of danger.'" In re Blackbaud, Inc., Customer Data Breach Litig., 567 F. Supp. 3d 667, 682 (D.S.C. Oct. 19, 2021) (citing Faile v. S.C. Dep't of Juv. Just., 566 S.E.2d 536, 546 (S.C. 2002)). One exception exists "where the defendant voluntarily undertakes a duty." Faile, 566 S.E.2d at 546. South Carolina has "long recognized that one who assumes to act, even though under no obligation to do so, thereby becomes obligated to act with due care." Miller v. City of Camden, 451 S.E.2d 401, 404 (S.C. Ct. App. 1994) (citing Crowley v. Spivey, 329 S.E.2d 774, 780 (S.C. Ct. App. 1985)). "The recognition of a voluntarily assumed duty in South Carolina jurisprudence is rooted in the Restatement of Torts." Johnson v. Robert E. Lee Acad., Inc., 737 S.E.2d 512, 514 (S.C. Ct. App. 2012) (collecting South Carolina cases). Section 323 of the Restatement of Torts states:

> One who undertakes, gratuitously or for consideration, to render services to another which <u>he should recognize as necessary for the protection of the other's person</u> or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

> (a) his failure to exercise such care increases the risk of such harm, or
> (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323 (A.L.I. 1965) (emphasis added). South Carolina courts limit application of the voluntary assumption exception to "situations in which a party has voluntarily undertaken to prevent physical harm, not economic injury." Hendricks v. Clemson Univ., 578 S.E.2d 711, 714 (S.C. 2003); see also Wright v. PRG Real Est. Mgmt., Inc., 826 S.E.2d 285, 293 (S.C. 2019) ("[A] landlord who voluntarily undertakes to provide security measures may be liable if he negligently performs the undertaking.").

      The court finds that there is a "glimmer of hope" for Plaintiff Poston's negligence claim under South Carolina law. See Hartley, 187 F.3d at 425. In analyzing Plaintiff Poston's motion to remand, the court resolves any doubt in favor of retained state court jurisdiction. See Marshall, 6 F.3d at 232. Consequently, the court accepts as true Plaintiff's Poston's allegations that she relied on Defendant Poston's instruction and supervision at the time she was injured by the crossbow. See Compl. ¶¶ 18–19, 53–54. In her affidavit, R.P. states that Defendant Poston "provided basic instructions to a group that consisted of myself, my mom, and my older sister . . . about how to use the Crossbow." ECF No. 8-1, R.P. Aff. ¶ 7. Additionally, R.P. said that Defendant Poston "cocked the crossbow before every time it was shot by anyone" and supervised the group. Id. at ¶¶ 10–11. Another family member present at the time of Plaintiff Poston's injury stated that "[Defendant Poston] was the only person there that was strong enough to cock the Crossbow." ECF No. 8-2, John Henry Mixon Aff. ¶ 8. Defendant Poston concedes that he did, in fact, cock the crossbow for Plaintiff Poston and instructed her on how to

use it. ECF No. 9 at 6. Thus, the record before the court evinces that Defendant Poston rendered instruction and supervision to Plaintiff Poston that was necessary to protect her from physical harms that could result from improper and inexperienced use of the crossbow. See Restatement (Second) of Torts § 323 (A.L.I. 1965).

Defendant Poston points the court to a seconds-long video clip showing the moment Plaintiff Poston shot the crossbow to support his argument that the injury "was not caused by reliance on Defendant Poston's undertaking or instructions." ECF No. 9 at 9. He asserts that Plaintiff Poston "does not look to Defendant Poston for instruction or ask his advice" in the seconds before she shoots the crossbow. Id. Defendant Poston does not provide any legal authority for his argument concerning the video clip or reliance. See id. at 6–13. However, the video clip is clear evidence that Plaintiff Poston suffered harm as a direct result of her reliance on the instruction and supervision provided by Defendant Poston. See Restatement (Second) of Torts § 323(b) (A.L.I. 1965).

Taken together, because Defendant Poston voluntarily assumed a duty of care owed to Plaintiff Poston under Section 323, there is a possibility that Plaintiff Poston has a right to relief against Defendant Poston for negligence under South Carolina law. See Hartley, 187 F.3d at 425.

**B. "Outright Fraud"**

Next, the court to turns to whether there is "outright fraud" in Plaintiff Poston's pleading of the jurisdictional facts. See Mayes, 198 F.3d at 464. Defendants argue that Defendant Poston is a "'strawman' in this action, included either for some reason connected to the divorce or for the sole purpose of keeping the action in Hampton County." ECF No. 9 at 11. They contend that the court should consider "other facts

7

proximately leading to jurisdictional concerns," including whether Plaintiff Poston asserted a cause of action against Defendant Poston "in retaliation for their divorce." Id. (citing Rodriguez v. Casa Chapa S.A. de C.V., 394 F. Supp. 2d 901, 908 (W.D. Tex. 2005)).

Defendants' bare allegations of fraud are unavailing. The Fourth Circuit has stated that the fraudulent joinder inquiry is limited to consideration of jurisdictional facts—i.e., the citizenship of the parties and the amount in controversy. See Mayes, 198 F.3d at 464. In South Carolina, fraud is defined as "an intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to her or to surrender a legal right." Moseley v. All Things Possible, Inc., 694 S.E.2d 43, 45 (S.C. Ct. App. 2010) (quoting Regions Bank v. Schmauch, 582 S.E.2d 432, 444 (S.C. Ct. App. 2003)).

The parties agree that both Plaintiff Poston and Defendant Poston are citizens of South Carolina. See ECF Nos. 8 at 3, 9 at 2. Defendants concede that the $200,000.00 in damages sought by Plaintiff Poston satisfies the amount in controversy threshold required by 28 U.S.C. § 1332(a). See ECF No. 1 ¶¶ 20–24. Because the court finds no "intentional perversion of truth," there is not outright fraud in Plaintiff Poston's pleading of jurisdictional facts. See Moseley, 694 S.E.2d at 45.

Mindful that the fraudulent joinder standard is "among the most liberal in all of the law," Beaufort Cnty. Sch. Dist. v. United Nat. Ins. Co., 519 F. Supp. 2d 609, 614 (D.S.C. 2007), the court finds Defendant Poston was properly joined. Consequently, because both Plaintiff Poston and Defendant Poston are citizens of South Carolina, there is not complete diversity among the parties. See 28 U.S.C. § 1332. As such, the court

lacks subject matter jurisdiction over this matter and must remand it to the Hampton County Court of Common Pleas.

## IV.  CONCLUSION

For the reasons set forth above, the court **GRANTS** Plaintiff Poston's motion to remand.

**AND IT IS SO ORDERED.**

 

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 27, 2025**
**Charleston, South Carolina**